IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
FONDA WHITFIELD, and              )
THE ESTATE OF DEON WHITFIELD, by  )
Fonda Whitfield,                  )
                                  )    2:04-cv-2729-GEB-JFM
               Plaintiffs,        )
                                  )
          v.                      )    ORDER
                                  )
STATE OF CALIFORNIA; STATE        )
OF CALIFORNIA YOUTH AUTHORITY;    )
JERRY HARPER; WALTER ALLEN III;   )
JEFF HARADA; DR. PARAGUAN; and    )
HAMID SIAL, M.D.,                 )
                                  )
               Defendants.        )
_____)
```

On January 6, 2006, Defendants filed a request for reconsideration of the ruling filed by the Magistrate Judge on December 21, 2005, ("Magistrate Judge Ruling"), which granted Plaintiffs' motion to compel discovery of documents submitted to the Magistrate Judge for in camera review. On January 19, 2006, Plaintiffs filed an opposition to the request for reconsideration of the Magistrate Judge Ruling. An Order filed March 24, 2006, ("March 24 Order"), noted Defendants had not submitted the discovery documents to the undersigned District Judge for review, and affirmed the Magistrate Judge Ruling because Defendants had not provided a sufficient record in support of their request.

1  On March 29, 2006, Defendants filed a request for
2 reconsideration of the March 24 Order, stating they did not submit the
3 discovery documents to the undersigned District Judge because they
4 previously lodged the documents with the District Court and believed
5 the documents were part of the record.  Defendants subsequently
6 resubmitted the documents to the District Judge and requested the
7 documents be filed under seal.  On April 7, 2006, Plaintiffs filed an
8 opposition to the request for reconsideration of the March 24 Order.
9  DISCUSSION
10 I. Request for Reconsideration of March 24 Order
11  Defendants filed a "Notice of Lodging/Filing Document in
12 Paper" on September 23, 2005, and again on Ocotber 21, 2005
13 ("Notices").  In the Notices, Defendants stated they submitted the
14 discovery documents to the Magistrate Judge for in camera review and
15 requested the documents be filed under seal.  Defendants did not file
16 a proposed order with their Notices, as is required by Local Rule 39-
17 141(d).  If a proposed order had been submitted and signed, the
18 documents would have been filed on the electronic server and made
19 accessible to the undersigned District Judge.  See Local Rule 39-
20 141(d)(sealed documents are filed on the electronic server and made
21 accessible to authorized users).  However, the documents were never
22 filed on the server, and could not be located before the March 24
23 Order issued.  If Defendants had complied with the Local Rules, the
24 required proposed order might have been signed and the documents could
25 have been available to the District Judge for review.  See Dela Rosa
26 v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th
27 Cir. 1998) (Local Rules "are not optional suggestions . . . but rules
28

that complement the federal rules, are entitled to respect, and command compliance").

However, after Defendants filed their request for reconsideration of the March 24 Order, the documents were discovered in the chambers of the Magistrate Judge. Because the documents were apparently misplaced in the courthouse, the request for reconsideration of the March 24 Order is granted. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration is appropriate if the initial decision was manifestly unjust). Furthermore, Defendants' request to seal the documents is granted since the documents are already subject to a protective order filed by the Magistrate Judge on December 21, 2005.

II.  Request for Reconsideration of Magistrate Judge Ruling

The documents at issue have been reviewed.[1] Since Defendants express concerns about certain private information in their personnel files, and Plaintiffs indicate they have no objection to the redaction of private information, Defendants may redact their social security numbers, names of family members, home address and telephone numbers, family and health insurance information, driver license and vehicle license numbers, and bank account numbers.[2] See Taylor v. Los

---

[1] The following documents have been reviewed: (1) Operational Analysis Report; (2) Internal Affairs Unit Investigation Report; (3) Memorandum of the Internal Affairs Unit Investigation of In-Custody Death; (4) SPAR Quarterly Reports for Preston from 2001 - 2004; (5) Compliance Review of SPAR Policy Compliance Unit, November 1, 2001; (6) Provisions of Services to Wards on Restricted Program Status, California Commission on Juvenile Justice, Crime and Delinquency Prevention, August 2002; (7) the personnel files of the individual Defendants.

[2] Plaintiffs state "[i]f Defendants are truly concerned about the privacy of individual Defendants' home addresses and
(continued...)

3

Angeles Police Dept., 1999 WL 33101661, at *6 (C.D. Cal. Nov. 10, 1999) (holding personnel files were not privileged, but allowing the defendants to redact "such personal information as social security numbers, home address/telephone numbers, [and] family and health insurance information").  Otherwise, the Magistrate Judge Ruling was not clearly erroneous or contrary to law and is affirmed.  See L.R. 72-303(f) (citing Fed. R. Civ. P. 72(a) and stating that a ruling by a magistrate judge shall be upheld unless "clearly erroneous or contrary to law").

The Clerk of the Court shall file under seal the documents submitted for in camera review on September 23, 2005, and October 21, 2005, and shall return to Defendants the documents submitted for in camera review on March 29, 2006.

IT IS SO ORDERED.

Dated:  April 25, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[2](...continued)
phone numbers there is no reason that this information cannot be provided in redacted form, subject to further order."  (Pls.' Opp'n, Jan. 19, 2006, at 11.)

4