IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FONDA WHITFIELD, et al., | ) | |
| | ) | 2:04-cv-2729-GEB-JFM |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF CALIFORNIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ALAN FEASTER, et al., | ) | |
| | ) | 2:04-cv-2730-GEB-JFM |
| Plaintiffs, | ) | |
| | ) | <u>ORDER CONSOLIDATING</u> |
| v. | ) | <u>CASES AND STATUS</u> |
| | ) | <u>(PRETRIAL SCHEDULING)</u> |
| STATE OF CALIFORNIA, et al. | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |

      A status (pretrial scheduling) conference was held on December 18, 2006. Samuel Paz appeared on behalf of both Plaintiffs; Jesse Rivera appeared on behalf of Defendant Jerry Harper; Stephen Acquisto appeared on behalf of all other Defendants.

      After hearing, the Court makes the following Order.

/////

1

CONSOLIDATION

At the status conference, it was determined that these two actions should be consolidated. Accordingly, the above-captioned actions are **CONSOLIDATED** for all purposes.

Case No. 2:04-cv-2730-GEB-JFM shall be administratively CLOSED, and Case No. 2:04-cv-2729-GEB-JFM is hereby designated the "MASTER FILE." **Henceforth, all documents to be filed in the above-captioned actions shall make reference to and be denominated as Case No. 2:04-cv-2729-GEB-JFM only**.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

DISCOVERY

All discovery shall be completed by March 23, 2007. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

Authorized rebuttal expert disclosures concerning any initial disclosures filed before July 21, 2006, shall be filed no later than January 31, 2007.

Defendant Harper may individually make, and the other Defendants may collectively make, an initial correctional expert disclosure no later than January 31, 2007. Authorized rebuttal expert disclosures concerning these disclosures shall be filed no later than February 21, 2007.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be May 29, 2007, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1) The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

---

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

(2) The Court committed clear error or the initial decision was manifestly unjust; or

(3) There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers. Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for July 23, 2007, at 11:00 a.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[3] The joint pretrial statement shall specify the issues

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file
(continued...)

4

1  for trial.  The Court uses the parties' joint pretrial statement to
2  prepare its final pretrial order and could issue the final pretrial
3  order without holding the scheduled final pretrial conference.  See
4  Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
5  requirement that the court hold a pretrial conference.").  The final
6  pretrial order supersedes the pleadings and controls the facts and
7  issues which may be presented at trial.  Issues asserted in pleadings
8  which are not preserved for trial in the final pretrial order cannot
9  be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,
10 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
11 pretrial order are eliminated from the action."); Valley Ranch Dev.
12 Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
13 issue omitted from the pretrial order is waived, even if it appeared
14 in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283
15 (D.D.C. 1995) (refusing to modify the pretrial order to allow
16 assertion of a previously-pled statute of limitations defense);
17 Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)
18 (indicating that "[a]ny factual contention, legal contention, any
19 claim for relief or defense in whole or in part, or affirmative matter
20 not set forth in [the pretrial statement] shall be deemed . . .
21 withdrawn, notwithstanding the contentions of any pleadings or other
22 papers previously filed [in the action]").
23 /////
24 /////

---

[3](...continued)
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

1       <u>If possible, at the time of filing the joint pretrial</u>
2  <u>statement counsel shall also email it in a format compatible with</u>
3  <u>WordPerfect to: geborders@caed.uscourts.gov</u>.
4                          <u>TRIAL SETTING</u>
5       Trial is set for November 27, 2007, commencing at 9:00 a.m.
6                       <u>SETTLEMENT CONFERENCE</u>
7       A settlement conference is scheduled before the Honorable
8  Dale A. Drozd on February 15, 2007, at 10:00 a.m.  Each party is
9  directed to have a principal with authority to settle the case on any
10 terms present at the settlement conference.
11      In addition, each party is directed to submit a settlement
12 conference statement directly to the chambers of Judge Drozd, the
13 settlement judge, five (5) court days prior to the settlement
14 conference.  Such statements shall not be filed with the clerk nor
15 served on opposing counsel.  However, each party shall notify the
16 other party or parties that the statement has been submitted to the
17 judge's chambers.
18                          <u>MISCELLANEOUS</u>
19      The parties are reminded that pursuant to Federal Rule of
20 Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**
21 **not be modified except by leave of Court upon a showing of good cause.**
22 **Counsel are cautioned that a mere stipulation by itself to change**
23 **dates does not constitute good cause**.
24      IT IS SO ORDERED.
25 Dated:  December 19, 2006

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

                                6