EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MONICA N. ANDERSON
Supervising Deputy Attorney General
STEPHEN P. ACQUISTO, State Bar No. 172527
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-1456
 Fax: (916) 324-5205

Attorneys for Defendants California Youth Authority,
Cummings, Curran, Harada, Kegg, Lowe, Matlock,
Merrell, Pagaduan, Sial, Stenoski, Templeton,
Thomas, Williams and Woodward
SA2004104485

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FONDA WHITFIELD, et al.,** | CASE NO. 2:04-cv-2729 GEB JFM |
| Plaintiffs, | **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND DISMISS** |
| v. | Fed. R. Civ. Proc. 12(b)(6) and 12(f); E.D. Cal. Local Rule 6-144(c) |
| **STATE OF CALIFORNIA, et al.,** | Date: January 22, 2007<br>Time: 9:00 a.m.<br>Crtrm: 10 |
| Defendants. | Judge: Hon. Garland E. Burrell, Jr. |

## INTRODUCTION

The Plaintiffs in this case are the parents and estates of two juvenile wards who committed suicide together while incarcerated in the custody of the California Youth Authority. Defendants' motion seeks to strike Plaintiffs' damage claim for the pain and suffering the decedents allegedly experienced before dying. Although the Ninth Circuit has not addressed this

issue, this Court has repeatedly held such damages are not available in section 1983 cases.  In opposition, Plaintiffs rely on several older cases from other districts and circuits which have adopted a reasoning that this Court has repeatedly rejected.  Indeed, in previously ruling that such damages are not recoverable, this Court considered and rejected several of the cases on which Plaintiffs now rely.  And Plaintiffs offer no persuasive reason why this Court should now break with its consistently held view that such damages are not recoverable.

Defendants also seek to have the California Youth Authority dismissed as a Defendant on Plaintiffs' fifth and sixth claims for relief for violation of the Unruh Act and negligence.   In their opposition brief, Plaintiffs concede that under California Government Code section 844.6, the CYA is immune from liability.  Therefore, Plaintiffs agree that the CYA should be dismissed as a Defendant from these two state law claims.

Also, the second claim for relief for failure to supervise should be dismissed because the claim is only properly brought against an employer.  Plaintiffs, however, have only named individual Defendants on this claim, none of whom was an employer.  The CYA was the employer, but Plaintiffs have not named it as a Defendant on this claim, and any attempt to do so would be futile since the CYA is immune from liability under Government Code section 844.6.  Therefore, this claim should be dismissed.  Finally, Plaintiffs' third claim for relief which seeks injunctive and declaratory relief should be dismissed because Plaintiffs are not wards of the CYA and are not threatened by its customs and practices.  Therefore, they lack Article III standing to obtain injunctive or declaratory relief against the CYA.

**ARGUMENT**

**A.  In opposition, Plaintiffs ask this Court to break from its consistent holding that § 1983 plaintiffs may not recover damages for a decedent's pain and suffering, and instead follow older district court decisions that this Court has repeatedly rejected.**

In the last five years, three different judges on this Court have considered whether California's ban on the recovery of damages for a decedent's pain and suffering is inconsistent with the purposes of § 1983.  Each time, this Court has engaged in a thorough and thoughtful analysis, and concluded that the ban is not inconsistent with the purposes of § 1983.  In so doing,

the Court has specifically addressed a few contrary, older decisions by the Northern and Central Districts of California, and each time this Court has found those decisions to be unpersuasive.

In opposition, Plaintiffs simply ask the Court to break with its consistently held position that such damages are not recoverable, and follow the reasoning of the Northern and Central District decisions that this Court has repeatedly rejected. However, this Court's position remains the better reasoned one, and Plaintiffs offer no new or persuasive reason to depart from it now. In fact, as will be discussed, last year, the Northern District adopted this Court's position on the issue. Therefore, Plaintiffs' damage claim for a decedent's pain and suffering damages should be stricken.

**1. This Court has consistently held that California's ban on the recovery of a decedent's pain and suffering damages is not inconsistent with the purposes of § 1983.**

Because § 1983 is silent on whether pain and suffering damages survive death, California law on this issue controls unless it is "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988(a); *Robertson v. Wegmann,* 436 U.S. 584, 590 (1978). California's survivorship statute precludes recovery for a decedent's pain and suffering. Cal. Civ. Proc. Code § 377.34. Thus the question becomes whether California's preclusion of these damages is inconsistent with federal law.

There is no binding authority on this issue. This Court, however, has examined and resolved the issue on three occasions. And each time, this Court determined that California's prohibition on a § 1983 plaintiff from recovering a decedent's pain and suffering damages is not inconsistent with federal law or the purposes of § 1983. *See Venerable v. City of Sacramento,* 185 F. Supp. 2d 1128, (E.D. Cal. 2002); *Peacock v. Terhune*, 2002 WL 459810 (E.D. Cal. 2002); *White v. Brown* (E.D. Cal. Case No. CIV F-02-5939 OWW LJO, Mem. Op. and Order, filed 9/18/03); *accord County of Los Angeles v. Superior Court*, 21 Cal.4th 292, 303-307 (1999) (California Supreme Court reached the same conclusion).[1]

---

1. Under Local Rule 5-133(i), copies of the unpublished *Peacock v. Terhune* (Case No. CIV S-01-1589 WBS/DAD, filed January 23, 2002) and *White v. Brown* decisions (Case No. CIV F-02-5939 OWW/LJO, filed September 18, 2003) were attached as Exhibits A and B to Defendants' moving papers.

*Reply Brief in Support of Defendants' Motion to Strike and Dismiss*

3

In so doing, this Court has found that California law is not inconsistent with § 1983's purposes of deterrence and compensation. In *Venerable*, Chief Judge Levy explained that the recovery of a decedent's pain and suffering is not needed for deterrence purposes in view of the array of damages already available for negligent conduct leading to death – including punitive damages, loss of future earnings, loss of companionship, and possible criminal prosecution. *Venerable*, 185 F. Supp. 2d at 1132; *accord Peacock v. Terhune*, 2002 WL 459810 *4 (E.D. Cal. 2002) (in which Judge Shubb reached the same conclusion). With regard to § 1983's purpose of compensation, Judge Levy observed, surviving family members are already compensated for their own damages including loss of companionship, and there's "a natural reluctance to add as 'compensation' the injury actually suffered by another. *Venerable*, 185 F. Supp. 2d at 1132. Judge Shubb reached the same conclusion in *Peacock*, and added "that, once deceased, the decedent cannot in any practical way be compensated for his injuries for pain and suffering, or be made whole." *Peacock*, 2002 WL 45981 *5; *citing Garcia v. Superior Court,* 42 Cal.App.4th 177 (1996). And finally, this Court has recognized the inherent uncertainty of testimony about how someone, now dead, suffered. *Venerable*, 185 F. Supp. 2d at 1132.

**2.  In opposition, Plaintiffs ask this Court to adopt the flawed reasoning of three older California district court decisions which this Court has repeatedly rejected.**

In opposition, Plaintiffs principally rely on the rationale of three older cases from the Central and Northern Districts of California which this Court has repeatedly rejected. Specifically, Plaintiffs ask this Court to break from its consistently-held view, and adopt the holding of *Garcia v. Whithead*, 961 F. Supp. 230, 233 (C.D. Cal. 1997); *Williams v. City of Oakland*, 915 F. Supp. 1074 (N.D. Cal. 1996); and *Guyton v. Phillips*, 532 F. Supp. 1154 (N.D. Cal. 1981) which concluded that California's exclusion of pain and suffering was inconsistent with § 1983 due to a perceived deterrent effect from the allowance of such damages. However, Judges Levy, Shubb, and Wanger have already considered and rejected the flawed reasoning of these earlier opinions. *Venerable*, 185 F. Supp. at 1132; *Peacock*, 2002 WL 459810 * 4; and

///

///

*Reply Brief in Support of Defendants' Motion to Strike and Dismiss*

4

*White,* Mem. Op. and Order at 5-18.  In *Venerable*, Judge Levy observed that these district courts accepted – without any empirical support – the "cynical proposition" that law enforcement officers would rather run the risk of inflicting death than merely "maiming" a victim because death cuts off a decedent's claim for pain and suffering.  *Venerable,* at 1132-33 (*citing Garcia*, 961 F. Supp. at 233; *Williams*, 915 F. Supp. 1074; *Guyton*, 532 F. Supp. 1154).

In *Peacock,* Judge Shubb also rejected the notion espoused by these courts that a state actor would undertake a "Machiavellian calculus" of deciding whether to kill (as opposed to injure) a person based on whether pain and suffering damages are available.  Judge Shubb explained, "[t]o say that the unavailability of pain and suffering damages diminishes the deterrent effect of the statute is to assume that a state actor would rather kill a person than injure him to avoid paying damages for pain and suffering.  This assumption requires a fanciful view of human nature."  *Peacock*, 2002 WL 459810 * 4.  Finally, in *White*, Judge Wanger, after thoughtful consideration of the issue, reached the same conclusion.  (*White,* Mem. Op. and Order at 5-18)

And recently, the Northern District appears to have wavered from its decisions in *Guyton* and *Williams*, and adopted the Eastern District's view.  (*See Lewis v. City of Hayward*, 2006 WL 436134 (N.D. Cal. 2006) (*citing Venerable*, 185 F. Supp. at 1133 in concluding that a decedent's pain and suffering damages are not recoverable in a § 1983 action.)[2/]

**3.   Plaintiffs' other points provide no basis for this Court to break from its consistent holding that a decedent's pain and suffering damages are not recoverable.**

After relying on three cases this Court has already rejected, Plaintiffs make a few other frivolous points, none of which should cause this Court to break from its consistent holding in *Venerable*, *Peacock*, and *White*.  First, despite the plain language of this Court's Local Rule 5-133(i), Plaintiffs incorrectly assert that this Court cannot consider unpublished cases.  Second, Plaintiffs cite to out-of-state district court cases (primarily from the 1970's and early-1980's) which have also accepted without any empirical support the flawed assumption that disallowing

---

2.  Under Local Rule 5-133(i), a copy of *Lewis v. City of Hayward*, 2006 WL 436134 (N.D. Cal. 2006) was attached as Exhibit C to Defendants' moving papers.

*Reply Brief in Support of Defendants' Motion to Strike and Dismiss*

a decedent's pain and suffering damages is inconsistent with the deterrent purposes of § 1983. (See Opp. at 7-8.) None of these cases offer anything other than the flawed reasoning of the earlier Northern and Central District court cases previously discussed.

Finally, Plaintiffs argue that because this Court's decisions in *Venerable*, *Peacock* and *White* only hold that a decedent's pain and suffering damages are not recoverable, they should still be able to recover damages for a decedent's "loss of enjoyment of life's activities." (Opp. at 9:20 - 12:9.) Plaintiffs rely on two decisions by the Seventh Circuit which essentially follow the same flawed deterrence theory that this Court has repeatedly rejected. Further, it would be inconsistent for this Court to rule that while plaintiffs cannot recover for decedents' pain and suffering damages, they can recover for decedents' loss-of-enjoyment-of-life damages. Moreover, such damages are not authorized by California's survivorship statute. *See* Cal. Civ. Proc. § 377.34.

None of these points should cause this Court to deviate from its consistent holding that Plaintiffs cannot recover for decedents' damages. Accordingly, the allegations in Paragraphs 15 and 24 of the First Amended Complaints which seek these damages should be stricken.

**B. Under California Government Code § 844.6, the CYA is immune from liability on Plaintiff's Fifth and Sixth claims for relief.**

Plaintiffs now concede that, under California Government Code § 844.6, Defendant CYA is immune from liability under their Fifth (Unruh Act) and Sixth (negligence) claims for relief. This statute provides that a public entity is not liable for an injury by or to any prisoner. And under this section, the term "prisoners" includes wards of the juvenile court. *See Jiminez v. Santa Cruz,* 42 Cal. App. 3d 407, 411 (1974). In their opposition brief, Plaintiffs agree that the CYA should be dismissed as a defendant on these two state law claims for relief.

**C. Plaintiffs' claim for failure to supervise, train and hire should be dismissed because the claim is not properly asserted against other employees.**

Plaintiffs' second claim alleges a "violation of statutory and failure to supervise, train, and take corrective measures" against Defendants Harper, Lowe, Templeton, Harada, Matlock, Merrill, Padaguan, Woodward, Stenoski, and Thomas. (First Am. Compl. at 10.) More

1  specifically, Plaintiffs seeks to attach liability to these Defendants for failing to supervise, train,
2  and monitor their "employees." (First Am. Compl. at ¶¶ 28, 30-31.) This state law claim fails,
3  however, because it only applies to employers, and none of these Defendants qualified as an
4  employer. The employer was the CYA, and all of the individual Defendants were simply
5  employees. However, the CYA is not a named defendant under this claim, and even if it were, it
6  would be immune from liability under California law. *See* Cal. Gov't Code § 844.6(a)(2). Thus,
7  neither the CYA nor any of its employees can be held liable on this state law claim for negligent
8  training, supervision, hiring, and retention. Thus, Plaintiffs are barred from bringing this claim
9  against any of the Defendants, including the CYA.

10        In opposition, Plaintiffs essentially argue that employees of a public agency can be
11  held liable for negligence where they have personally participated in or directed the wrongful or
12  negligent conduct. (Opp. at 13:20 - 15:6.) This explains why these individual defendants have
13  been properly named on Plaintiffs' negligence and § 1983 claims. However, Plaintiffs'
14  additional state law claim for negligent supervision, training, and hiring is only properly brought
15  against employers, and none of the named individual defendants qualified as an employer under
16  state law. Therefore, this claim should be dismissed.

17      **D.  Plaintiffs make no viable argument to refute the fact that they don't have standing to seek declaratory or injunctive relief against the CYA.**
18

19        In their third claim for relief, Plaintiffs assert another § 1983 claim which seeks to
20  enjoin and declare unconstitutional the CYA's alleged customs and practices related to its
21  delivery of mental health care to its wards. (First Am. Compl. at ¶¶ 34-38.) However, because
22  Plaintiffs are not in the custody of the CYA or subject to its customs or practices, the CYA does
23  not pose an imminent threat of irreparable harm to them. *See Stevens v. Harper*, 213 F.R.D.
24  358, 366 (E.D. Cal. 2002). Therefore, Plaintiffs lack Article III standing to seek injunctive and
25  declaratory relief against the CYA. *Id.*
26        In opposition, Plaintiffs merely argue that because this case is "at the pleading stage,"
27  their claim for injunctive and declaratory relief should not be dismissed. (Opp. at 15:15-19.)
28  This argument is frivolous because Plaintiffs are not and will never be in the CYA's custody or

*Reply Brief in Support of Defendants' Motion to Strike and Dismiss*
7

1  subject to its policies. Therefore, the CYA's customs and practices do not pose an imminent
2  threat of irreparable harm to these Plaintiffs. And this fact is not going to change as this case
3  moves beyond the pleading stage. Therefore, Plaintiffs' third claim for relief should be
4  dismissed for lack of standing.

## CONCLUSION

Plaintiffs' damage claim for the decedents' pain and suffering damages should be stricken because, as this Court has repeatedly held, such damages are barred as a matter of law. Further, as Plaintiffs now concede, the CYA is immune from prisoner lawsuits under California law, and should therefore be dismissed from Plaintiffs' Unruh Act and negligence claims. Plaintiffs' failure-to-supervise claim fails because this type of claim is only properly brought against an employer, and none of the named Defendants was an employer. Therefore, this claim should also be dismissed. Finally, Plaintiffs's third claim should be dismissed because Plaintiffs lack standing to obtain injunctive or declaratory relief against the CYA.

Dated: January 16, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MONICA N. ANDERSON
Supervising Deputy Attorney General

*/s/ Stephen P. Acquisto*

STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

Attorneys for Defendants California Youth Authority, Cummings, Curran, Harada, Kegg, Lowe, Matlock, Merrell, Pagaduan, Sial, Stenoski, Templeton, Thomas, Williams and Woodward

30207830.wpd

*Reply Brief in Support of Defendants' Motion to Strike and Dismiss*