IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONDA WHITFIELD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | 2:04-cv-2729-GEB-JFM <br><br><br> ORDER[*] |
| ALAN FEASTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | |

Defendants Cummings, Curran, Harada, Kegg, Lowe, Matlock, Merrell, Pagaduan, Sial, Stenoski, Templeton, Thomas, Williams, and Woodward (collectively "Individual Defendants") and Defendant California Youth Authority ("CYA") (all collectively "Defendants"),

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  move to strike Plaintiffs' damage claims for decedents' pain and
2  suffering.  Defendant CYA moves to dismiss Plaintiffs' third, fifth,
3  and sixth claims for relief.  In addition, Individual Defendants move
4  to dismiss Plaintiffs' second and sixth claims for relief.  Plaintiffs
5  oppose the motions, except for Defendant CYA's motion to dismiss
6  Plaintiffs' fifth and sixth claims for relief.  In their responsive
7  brief Plaintiffs agree to dismiss Defendant CYA from these claims.
8  (Opp'n at 12.)  Therefore, Defendant CYA is dismissed from Plaintiffs'
9  fifth and sixth claims for relief.

## BACKGROUND

On October 16, 2006, Plaintiffs Fonda Whitfield and the Estate of Deon Whitfield filed a First Amended Complaint against Defendants, and Plaintiffs Alan Feaster, Gloria Feaster, and the Estate of Durrell Feaster filed a First Amended Complaint against Defendants (collectively "Complaint").  On December 20, 2006, the Court consolidated the two actions.  (Order, Dec. 20, 2006, at 2.)

On January 19, 2004, two minors committed to the CYA, Deon Whitfield and Durrell Feaster, committed suicide.  The consolidated actions are brought by the parents of the two deceased minors. Plaintiffs allege the minors had well-documented mental histories including "depression, [and] physical ailments [which] caused [them] to be a serious risk for suicide."  (Compl. ¶ 19.)  Plaintiffs allege despite knowledge by CYA staff that the decedents were high risk for suicide, the minors were improperly treated and housed, causing their condition to worsen and resulting in the minors committing suicide. (Id.)

DISCUSSION

I. Legal Standards

A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." "A motion to strike is appropriate to address requested relief, such as . . . damages, which [are] not recoverable as a matter of law." Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

B. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) if Plaintiffs failed to (1) present a cognizable legal theory, or (2) plead sufficient facts to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When considering a motion to dismiss, all material allegations in the Complaint must be accepted as true and construed in the light most favorable to Plaintiffs. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). In addition, Plaintiffs are given the benefit of every reasonable inference that can be drawn from the allegations in the Complaint. Retail Clerks Int'l Ass'n v. Shermahorn, 373 U.S. 746, 753 n.6 (1963). Accordingly, a motion to dismiss must be denied "unless it appears beyond doubt that [Plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. Motion to Strike

   A. Pain and Suffering Damages[1]

      1. Section 1983 Claims

Defendants move to strike Plaintiffs' claims for decedents' pain and suffering damages under 42 U.S.C. § 1983 ("section 1983"), arguing that claims for damages "for the decedents' pain, anguish, suffering, . . . [and] loss of [] enjoyment of life's activities" do not survive death. (Defs.' Mot. at 5.) Plaintiffs rejoin that to grant the motion would "ignore the purposes of damages under [section 1983]." (Pls.' Opp'n at 2.)

Whether these damage claims survive the decedents' deaths "raises a complicated question to which there is no clear answer." Venerable v. City of Sacramento, 185 F. Supp. 2d 1128 (E.D. Cal. 2002) ("Venerable"). Section 1983 is silent on whether pain and suffering damages survive death, and therefore, state law controls unless it is "inconsistent with the Constitution and laws of the United States." Robertson v. Wegmann, 436 U.S. 584, 588-90 (1978). "Federal California courts have reached opposite conclusions whether the limitations set by [California law] appl[y] to the damages available under [section] 1983." Moore v. County of Kern, 2006 WL 2190753, at *6 (E.D. Cal. Aug. 1, 2006).

Section 1983's deterrent purpose and goal of compensating victims is adequately served by California's wrongful death statute. Venerable, 185 F. Supp. 2d at 1132 (referencing California Civil Procedure Code section 377.34, which precludes a decedent's personal

---

[1] Defendants also request that paragraph 15 be stricken from Plaintiffs' Complaint. However, since that paragraph makes no reference to damages, this request is denied.

4

representative or successor in interest from recovering damages on the decedent's cause of action for pain and suffering); Peacock v. Terhune, 2002 WL 459810, at *4 (E.D. Cal. Jan. 23, 2002). Therefore, "in light of the damages that are provided by the California survival and wrongful death statutes, the [C]ourt finds that state law is not inconsistent with the Constitution and laws of the United States. Because state law does not permit recovery of a decedent's pain and suffering, [Plaintiffs'] claim for pain and suffering from injury leading to death does not survive." Venerable, 185 F. Supp. 2d at 1133. Defendants' motion to strike Plaintiffs' references to damages for decedents' pain and suffering in Plaintiffs' section 1983 claims is granted.

### 2. ADA Claims

Defendants also move to strike Plaintiffs' claims for decedents' pain and suffering damages under the Americans with Disabilities Act ("ADA"), arguing the claims for those damages do not survive the minors' deaths. (Defs.' Mot. at 8.) Plaintiffs do not respond to this argument. "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets the state's requirements for bringing a survival action." Dillard v. Curtis, 2004 WL 2496130, at *6 (N.D. Cal. Nov. 3, 2004). California's survival statute precludes damage claims for a decedent's pain and suffering. Cal. Civ. Proc. Code § 377.34. Since Plaintiffs have failed to make an argument showing California law allows damage claims under the ADA to survive death, Defendants' motion to strike Plaintiffs' references to damages for decedents' pain and suffering in Plaintiffs' ADA claims is granted.

III. Motion to Dismiss

    A. Second and Sixth Claims for Relief

Individual Defendants move to dismiss Plaintiffs' second claim for relief for violation of statutory duty and failure to supervise, train and take corrective measures and Plaintiffs' sixth claim for relief for negligent supervision, training, and retention. Plaintiffs argue that only employers can be liable for these failure to supervise claims and none of these Defendants is an employer. (Defs.' Mot. at 10.) Plaintiff rejoins supervisors may be liable even if they are not employers. (Pls.' Opp'n at 12.)

"A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). In addition, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. (internal quotations omitted).

Since Individual Defendants have not established that Plaintiffs have failed to state a claim for relief, Individual Defendants' motion to dismiss Plaintiffs' second and sixth claims for relief is denied.

    B. Third Claim for Relief

Defendant CYA moves to dismiss Plaintiffs' third claim for relief under section 1983 in which Plaintiffs seek injunctive and/or declaratory relief, arguing Plaintiffs lack standing to sue for this

relief because they are not in the custody of the CYA or subject to CYA policies. (Defs.' Mot. at 11.)  Plaintiffs respond they "have set forth the proper allegations for the remedy of injunctive or declarative relief." (Pls.' Opp'n at 15.)

To establish standing under Article III Plaintiffs must show, "(1) actual or threatened injury (2) suffered as a result of the allegedly illegal conduct of the defendant, which (3) fairly can be traced to the challenged action and (4) is likely to be redressed by a favorable decision." Salmon River Concerned Citizens v. Robertson, 32 F.3d 1346, 1353 (9th Cir. 1994) ("Salmon River") (citing Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982)).

> Where only injunctive or declaratory relief is sought, a plaintiff must show a very significant possibility of future harm in order to have standing to bring suit.  The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely abstract, and the alleged harm must be actual or imminent, not conjectural or hypothetical.  Moreover, [a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing.

Coral Constr. Co. v. King County, 941 F.2d 910, 929 (9th Cir. 1991) (internal citations and quotation marks omitted).

In addition, to establish standing for injunctive relief, Plaintiffs must show:

> First, . . . a credible threat of future injury which is sufficiently concrete and particularized to meet the "case or controversy" requirement of Article III.  And second . . . the plaintiff must allege not only a likelihood of future injury, but also show an imminent threat of irreparable harm. The imminent threat showing is a separate jurisdictional requirement, arising independently from Article III, that is grounded in the traditional limitations on the court's power to grant injunctive relief.

Stevens v. Harper, 213 F.R.D. 358, 366 (E.D. Cal. 2002) (internal citations omitted).

"In general, injunctive relief is to be used sparingly, and only in a clear and plain case, especially when the court is enjoining the conduct of a state agency." Id. at 367. The burden is on Plaintiffs to show they have standing. Salmon River, 32 F.3d at 1353. Plaintiffs have made no argument to show they meet any of the elements required for standing and therefore, Defendant CYA's motion to dismiss Plaintiffs' third claim for relief is granted.

## CONCLUSION

Defendant CYA is dismissed from Plaintiffs' fifth and sixth claims. Defendants' motion to strike decedents' pain and suffering damages alleged under section 1983 and the ADA is granted. Further, Defendant CYA's motion to dismiss Plaintiffs' third claim for relief for violation of section 1983 is granted. Individual Defendants' motion to dismiss Plaintiffs' claims for statutory failure to supervise and negligent supervision and training is denied.

IT IS SO ORDERED.

Dated:  February 13, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

8